UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | DOCKET NO. 3:23 CR 256 |
| v. | ) | |
| | ) | **FACTUAL BASIS** |
| ELIAN RENE FABIAN VALLADOLID | ) | |
| | ) | |

NOW COMES the United States of America, by and through Dena J. King, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the plea agreement filed simultaneously in this matter.

This Factual Basis is filed pursuant to Local Criminal Rule 11.2 and does not attempt to set forth all of the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea(s) that the defendant will tender pursuant to the plea agreement, and that the facts set forth in this Factual Basis are sufficient to establish all of the elements of the crime(s). The parties agree not to object to or otherwise contradict the facts set forth in this Factual Basis.

Upon acceptance of the plea, the United States will submit to the Probation Office a "Statement of Relevant Conduct" pursuant to Local Criminal Rule 32.4. The defendant may submit (but is not required to submit) a response to the Government's "Statement of Relevant Conduct" within seven days of its submission. The parties understand and agree that this Factual Basis does not necessarily represent all conduct relevant to sentencing. The parties agree that they have the right to object to facts set forth in the presentence report that are not contained in this Factual Basis. Either party may present to the Court additional relevant facts that do not contradict facts set forth in this Factual Basis.

1. From in or around June of 2022 and continuing until on or about January 18, 2023, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant, ELIAN RENE FABIAN VALLADOLID ("VALLADOLID"), did knowingly and intentionally combine, conspire, confederate and agree with others, to distribute and to possess with intent to distribute quantities of heroin, a Schedule I controlled substance, and quantities of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propanamide ("fentanyl") and methamphetamine, Schedule II controlled substances, in violation of Title 21, United States Code, Section 846.

    a. Said offense involved 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A) is applicable to the defendant.

    b. Said offense also involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

Accordingly, Title 21, United States Code, Section 841(b)(1)(A) is applicable to the defendant.

  c. Said offense also involved 50 grams or more of "actual" methamphetamine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A) is applicable to the defendant.

DENA J. KING
UNITED STATES ATTORNEY

THOMAS KENT
ASSISTANT UNITED STATES ATTORNEY

### Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis, the Bill of Indictment, and the plea agreement in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Indictment, and the plea agreement. I hereby certify that the defendant does not dispute this Factual Basis.

CHIEGE OKALU OKWARA, Attorney for Defendant  DATED: 8/16/2024